**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SARAH GENENBACHER, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 4:25-cv-00084-JSD |
| v. | ) ) |
| LEE ENTERPRISES, INCORPORATED D/B/A ST. LOUIS POST DISPATCH | ) ) ) |
| Defendant. | ) ) |

## <u>LEE ENTERPRISES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Defendant Lee Enterprises, Incorporated, improperly named in this lawsuit as "Lee Enterprises, Inc. d/b/a St. Louis Post Dispatch" ("Lee" or "Defendant"), by and through its undersigned counsel, hereby answers the Class Action Complaint ("Complaint") of Plaintiff Sarah Genenbacher ("Plaintiff"), and for its answer to Plaintiff's Complaint states as follows:

### I. <u>INTRODUCTION</u>

1. Defendant states that *Krakauer v. Dish Network, L.L.C.,* 925 F.3d 643, 649 (4th Cir. 2019) speaks for itself and denies all efforts to characterize the same. Defendant denies all remaining allegations.

2. Defendant states that *Krakauer v. Dish Network, L.L.C.,* 925 F.3d 643, 649 (4th Cir. 2019) speaks for itself and denies all efforts to characterize the same. Defendant denies all remaining allegations.

3. Defendant admits that Plaintiff purports to bring her claims under the Telephone Consumer Protection Act ("TCPA") individually and as the representative of a proposed class, but denies the remaining allegations in Paragraph 3.

4.      Defendant admits that Plaintiff purports to bring her claims on behalf of a proposed nationwide class, but denies the remaining allegations in Paragraph 4.

## II.    PARTIES

5.      Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 5 and therefore denies the allegations.

6.      Defendant admits that Lee Enterprises, Inc. is a corporation, but denies that Lee Enterprises, Inc. does business as St. Louis Post-Dispatch.

## III.   JURISDICTION AND VENUE

7.      Defendant admits that this Court has subject matter jurisdiction over this dispute.

8.      Defendant admits the allegations in Paragraph 8.

9.      Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 9 and therefore denies the allegations.

## IV.    FACTS

10.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 9 and therefore denies the allegations.

11.     Defendant states that Section 227(c) of the TCPA speaks for itself and denies any efforts to characterize the same. Defendant denies all remaining allegations.

12.     Defendant states that 47 C.F.R. § 64.1200(c)(2) speaks for itself and denies any efforts to characterize the same. Defendant denies all remaining allegations.

13.     Defendant states that 47 C.F.R. § 64.1200(c)(2) speaks for itself and denies any efforts to characterize the same. Defendant denies all remaining allegations.

14. Defendant states that 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) speak for themselves and denies any efforts to characterize the same. Defendant denies all remaining allegations.

15. Defendant states that 47 U.S.C. § 227(c)(1) speaks for itself and denies any efforts to characterize the same. Defendant denies all remaining allegations.

16. Defendant states that 47 U.S.C. § 227(c)(1)(A), (E) speak for themselves and denies any efforts to characterize the same. Defendant denies all remaining allegations.

17. Defendant states that *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order") speaks for itself and denies any efforts to characterize the same. Defendant denies all remaining allegations.

18. Defendant states that 47 C.F.R. §§ 64.12000(d)(1)-(7) speak for themselves and denies any efforts to characterize the same. Defendant denies all remaining allegations.

19. Defendant states that 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6) speak for themselves and denies any efforts to characterize the same. Defendant denies all remaining allegations.

20. Defendant states that 47 C.F.R. § 64.1200(d)(4) speaks for itself and denies any efforts to characterize the same. Defendant denies all remaining allegations.

21. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 21 and therefore denies the allegations.

22. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 22 and therefore denies the allegations.

23. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 23 and therefore denies the allegations.

24. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 24 and therefore denies the allegations.

25. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 25 and therefore denies the allegations.

26. Defendant admits that Plaintiff signed up for a St. Louis Post-Dispatch subscription. Defendant denies that Plaintiff signed up for a St. Louis Post-Dispatch subscription in or around 2021.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant admits that a third-party contractor made calls to the Plaintiff. Defendant denies all remaining allegations in Paragraph 28.

29. Defendant admits that the calls at issue related to Plaintiff's lapsed subscription to the St. Louis Post-Dispatch. Whether this was a telemarketing purpose is a legal conclusion, to which no response is required. Should a response be required, Defendant denies the allegation. Defendant lacks sufficient knowledge or information to form a belief as to allegations in the second sentence of Paragraph 29 and therefore denies the allegations.

30. Defendant lacks sufficient knowledge or information to form a belief as to whether Plaintiff was "interested" and therefore denies the allegations. Defendant admits that Plaintiff told Defendant's representatives she was not interested in purchasing another St. Louis Post-Dispatch subscription, but Defendant denies that Plaintiff revoked her consent to receive telemarketing calls.

31. Defendant admits that the third-party contractor added Plaintiff's telephone number to its Internal Do Not Call List on November 6, 2023. Defendant denies any remaining allegations in Paragraph 31, including but not limited to any allegation that Plaintiff asked not to be called prior to November 6, 2023.

32. Defendant admits that Plaintiff received calls from the third-party contractor at 314-279-7128 on June 16, 2023, November 4, 2023, and November 6, 2023. However, Defendant denies that Plaintiff opted-out of further calls prior to November 6, 2023. Defendant lacks sufficient knowledge or information to form a belief as whether the phone number called was a residential phone number and therefore denies the allegations.

33. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 33 and therefore denies the allegations.

34. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 34 and therefore denies the allegations.

35. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 35 and therefore denies the allegations.

36. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 36 and therefore denies the allegations.

37. Defendant denies the allegations in Paragraph 37.

## V.  CLASS ACTION ALLEGATIONS

38. Defendant admits that Plaintiff purports to bring a case on behalf of two classes pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3). Defendant denies all remaining allegations in Paragraph 38.

39. Defendant admits that Plaintiff purports to bring a case on behalf of two classes excluding counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, and judge to whom this action is assigned, and any member of such judge's staff and immediate family. Defendant denies the remaining allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Paragraph 42 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Paragraph 44 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that a class could be certified in this case and therefore denies that the Plaintiff is a member of such a class. Defendant also denies that the Plaintiff will fairly and adequately represent and protect the interests of the class she seeks to represent.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant admits that Plaintiff purports to seek injunctive relief and money damages. Defendant denies any remaining allegations in Paragraph 46.

47. Paragraph 47 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that a class could be certified in this case and therefore denies that there are numerous questions of law and fact common to Plaintiff and members of such classes. Defendant denies all remaining allegations.

48. Paragraph 48 states legal conclusions to which no response is required. To the extent one is required, Defendant denies the allegations set forth in Paragraph 48.

49. Paragraph 49 states legal conclusions to which no response is required. To the extent one is required, Defendant denies that a class could be certified in this case and therefore denies that Plaintiff is an adequate representative of such classes. Defendant lacks sufficient

knowledge to form a belief as to the remaining allegations in Paragraph 49. Defendant therefore denies these allegations.

50. Paragraph 50 states legal conclusions to which no response is required. To the extent one is required, Defendant denies that there are common questions of law and fact predominating over questions affecting individual class members. Defendant denies that a class action is the superior method for fair and efficient adjudication of the controversy. Defendant admits that there are individual questions concerning the identification of class members because Defendant denies that a class could be certified in this case. Defendant denies that class members are ascertainable from records maintained by Defendant and/or its agents.

51. Paragraph 51 states legal conclusions to which no response is required. To the extent one is required, Defendant denies the allegations set forth in Paragraph 51.

52. Paragraph 52 states legal conclusions to which no response is required. To the extent one is required, Defendant denies the allegations set forth in Paragraph 52.

## FIRST CAUSE OF ACTION

53. Defendant incorporates by reference its answers to all allegations in the preceding paragraphs as though they were set forth fully herein.

54. Defendant denies the allegations set forth in Paragraph 54.

55. Defendant denies the allegations set forth in Paragraph 55.

56. Defendant denies the allegations set forth in Paragraph 56.

57. Defendant denies the allegations set forth in Paragraph 57.

## SECOND CAUSE OF ACTION

58. Defendant incorporates by reference its answers to all allegations in the preceding paragraphs as though they were set forth fully herein.

59. Defendant denies the allegations set forth in Paragraph 59.

60. Defendant denies the allegations set forth in Paragraph 60.

61. Defendant denies the allegations set forth in Paragraph 61.

To the extent that there are any allegations contained in the Complaint not yet responded to, Defendant specifically denies any and all remaining allegations contained therein.

## AFFIRMATIVE AND OTHER DEFENSES

In further response to Plaintiff's Complaint, Defendant hereby asserts the following affirmative and other defenses, without conceding that it bears the burden of persuasion of any of them. In so asserting these defenses, Defendant specifically reserves the right to assert other, additional defenses, which may become known or available to it with respect to Plaintiff's claims through the course of discovery.

### First Defense

Plaintiff and members of the purported class have not suffered any cognizable injury in fact to support standing to pursue their claims, including because they were not called in violation of the TCPA.

### Second Defense

Plaintiff and members of the purported class provided prior express consent to be contacted by the Defendant when they purchased a subscription to the St. Louis Post-Dispatch. All telemarketing ceased once consent was revoked by Plaintiff and members of the purported class.

### Third Defense

Any damages suffered by Plaintiff or the members of the purported class could have been mitigated had they revoked their prior express written consent as soon as they no longer wished to receive telemarketing calls.

9

**Fourth Defense**

To the extent that Plaintiff claims that her alleged complaint to the Missouri Attorney General should have been treated by Defendant as a request to be added to Defendant's Internal Do Not Call List, Defendant denies that this a reasonable or legally effective means to communicate such a request to Defendant. Defendant also has no record of ever being notified that Plaintiff made such a complaint to the Missouri Attorney General.

Defendant expressly reserves the right to assert additional defenses that may become known through further investigation or discovery.

WHEREFORE, Defendant hereby respectfully requests that this Court enter an order dismissing Plaintiff's Complaint with prejudice and for whatever other relief the Court deems just and proper.

Respectfully submitted this 16th day of May 2025.

BRYAN CAVE LEIGHTON PAISNER LLP

By:  /s/ Darci F. Madden
Darci F. Madden, 51463MO
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
Phone: (314) 259-2000
Fax: (314) 259-2020

Martha Kohlstrand, #57418(CO) *Pro Hac Vice*
1801 13th Street, Suite 300
Boulder, CO 80302
(303) 444-5955
Martha.kohlstrand@bclplaw.com

Annalisa Kolb, #61051(CO) *Pro Hac Vice*
1700 Lincoln St., Ste. 4100
Denver, CO 80203
(303) 866-0390
Annalisa.kolb@bclplaw.com

*Attorneys for Defendant Lee Enterprises, Incorporated*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed on this 16th day of May 2025 via the court's electronic filing system which will service notice to all counsel of record.

*/s/     Darci F. Madden*