## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SARAH GENENBACHER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEE ENTERPRISES, INCORPORATED D/B/A ST. LOUIS POST DISPATCH<br><br>Defendant. | Case No.   4:25-cv-00084-JSD<br><br>**JURY TRIAL DEMANDED** |

## JOINT PROPOSED SCHEDULING PLAN

Pursuant to the Court's Order Setting Rule 16 Scheduling Conference, Plaintiff Sarah Genenbacher ("Plaintiff") and Defendant Lee Enterprises, Inc. d/b/a St. Louis Post Dispatch ("Defendant") (collectively, "the Parties") submit the following Joint Proposed Scheduling Plan:

1. **Nature of the Case**

   *Plaintiff's Statement*:  This is a putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleges that after canceling her newspaper subscription, she began receiving repeated telemarketing calls from Defendant, despite her number being registered on the National Do Not Call Registry ("NDNCR") and despite having requested not to be contacted. Plaintiff brings claims on behalf of herself and two proposed nationwide classes. In response to the Defendant's affirmative defense, the Plaintiff contests that she was a "recent" enough subscriber to the St. Louis Post-Dispatch to permit telemarketing calls to be made and that she additionally repeatedly informed the Defendant to stop calling.

***Defendant's Statement***:   This is a putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleges that after canceling her newspaper subscription, she began receiving repeated telemarketing calls from Defendant, despite her number being registered on the National Do Not Call Registry ("NDNCR") and despite having requested not to be contacted. Plaintiff brings claims on behalf of herself and two proposed nationwide classes.

Defendant contests that the calls at issue violated to the TCPA, because they were not "telephone solicitations," in that (1) Plaintiff was a recent subscriber to the St. Louis Post-Dispatch, giving the parties an established business relationship ("EBR") and (2) Plaintiff never revoked her consent to be contacted before the calls at issue. Defendant submits that Plaintiff had an established business relationship with the Defendant, having subscribed to the St. Louis Post-Dispatch within the prior 18 months. Therefore, calls to her were not "telephone solicitations" that would be subject to the NDNCR.  *See* 47 CFR § 64.1200(f)(15). Furthermore, although Plaintiff asserts that she revoked her consent to be called during one or more of the calls from Defendant, the calls were recorded and reveal that Plaintiff did not request that Defendant stop calling her.  There is also no legal support for Plaintiff's alternative theory that she revoked her consent to be called by Defendant by virtue of a complaint she says she filed with the Missouri Attorney General's office.  Consent must be communicated to the calling party via a "reasonable method," and no court has ever found that notice to a third-party like this amounts to a "reasonable method" to revoke consent.  *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order and Further Notice of Proposed Rulemaking, FCC-CIRC2402-02 (January 25, 2024), ¶10. Indeed, Defendant never received notice of the Attorney General

complaint.  Given the clear evidence that Plaintiff's claims are not well-founded, Defendant submits that discovery should be bifurcated in order to allow Defendant to bring an early motion for summary judgment on the narrow issue of Plaintiff's alleged revocation of consent, in order to avoid unnecessary expense and promote judicial economy.

**2.  Settlement Prospects**

The parties have not yet engaged in settlement discussions, as Plaintiff intends to serve discovery to obtain information necessary to evaluate the potential class size, and Defendant intends to move for summary judgment at the earliest opportunity on the grounds that the call at issue was not a "telephone solicitation" under the statute due to the parties' EBR and Plaintiff's failure to revoke consent (as confirmed by call recordings). The Plaintiff intends to oppose any summary judgment motion filed.

**3.  Method of Producing Electronic Discovery:**

Defendant submits that discovery should be bifurcated, with the first phase limited to the narrow issue of whether the call to Plaintiff was a "telephone solicitation" by virtue of (1) the EBR and (2) Plaintiff's failure to revoke her consent to be contacted.  Because this issue is potentially case-dispositive and turns on a very limited number of facts, Defendant believes it would be most efficient to resolve this question before imposing expensive and burdensome broad discovery and motion practice.  Plaintiff had an established business relationship with the Defendant, having subscribed to the St. Louis Post-Dispatch within the prior 18 months. Therefore, calls to her were not "telephone solicitations" that would be subject to the NDNCR. *See* 47 CFR § 64.1200(f)(15). Furthermore, although Plaintiff asserts that she revoked her consent to be called during one or more of the calls from Defendant, the calls were recorded and reveal that Plaintiff did not request that Defendant stop calling her.  There is also no legal support for Plaintiff's alternative theory that

3

she revoked her consent to be called by Defendant by virtue of a complaint she says she filed with the Missouri Attorney General's office. Consent must be communicated to the calling party via a "reasonable method," and no court has ever found that notice to a third-party like this amounts to a "reasonable method" to revoke consent. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order and Further Notice of Proposed Rulemaking, FCC-CIRC2402-02 (January 25, 2024), ¶10. Indeed, Defendant never received notice of the Attorney General complaint. Given the clear evidence that Plaintiff's claims are not well-founded, Defendant submits that discovery should be bifurcated in order to allow Defendant to bring an early motion for summary judgment on the narrow issue of Plaintiff's alleged revocation of consent, in order to avoid unnecessary expense and promote judicial economy. In opposition, Plaintiff cites an out-of-district case law decided by a magistrate judge in a minute order, but it is inapposite. In *Katz*, the defendant's argument as to why discovery should be bifurcated was "to focus first on class certification issues and to resolve that issue before proceeding on the merits." *See Katz v. Allied First Bank, SB,* Case No. 22-cv-5277 (N.D. Ill. Dec. 22, 2022) (ECF No. 10, p. 4). The defendant did not note any dispositive issues which could be determined through a phased discovery process. *Id.* Here, in contrast, Defendant is not arguing that class certification issues should be determined before proceeding on the merits. Rather, Defendant points out that the narrow issues of Plaintiff's established business relationship with Defendant and Plaintiff's failure to revoke consent are dispositive of the entire case. Limiting discovery to these key issues would serve judicial economy by allowing the parties to focus on issues that could end this entire case, as Defendant will show in its motion for summary judgment.

4

Plaintiff submits that discovery should not be phased. As stated above, the Plaintiff contests that she was a "recent" enough subscriber to the St. Louis Post-Dispatch to permit telemarketing calls to be made and that she additionally repeatedly informed the Defendant to stop calling. Furthermore, there appears to be no dispute that the Defendant was calling *former* subscribers, which is a common issue among the putative class. Indeed, faced with a nearly identical request, Judge Harjani denied the request in another TCPA case in 2023:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023). The Court should decide the same here.

The parties agree that electronic documents shall be produced in the form of multi-page, color, bates-numbered PDF images together with load files. All Excel (or other electronic spreadsheet) files, PowerPoint (or other electronic slideshow) files, and photographic files, including any such files attached to emails, shall be produced in native format, if available. The following metadata shall be included in the load files to the extent the metadata is embedded in the individual electronic documents. If there are any issues with the production of these metadata fields, the parties will meet and confer and attempt to resolve them.

- DocID
- BegDocID
- EndDocID
- Document Type
- Attach DocIds
- ParentDocId

- DateSent
- TimeSent
- Subject
- To
- From
- CC

5

- Author
- Filename
- Date Created
- Date Modified
- Md5Hash

- BCC
- File Source Location/File Path
- Native Link
- Text Path

Non-electronic documents shall be produced as multi-page, color, bates-numbered PDF images together with load files, and only the following metadata fields: DocID, BegDocID, and EndDocID fields.

The parties have agreed to meet and confer on a proposed ESI order and anticipate filing a stipulated ESI protocol order for the Court's consideration and approval by **August 27, 2025**.

**4. Parties Joint Proposed Discovery Plan and Schedule**

(a)   **Track Assignment:** The Parties believe this case is best suited for Track 3 (Complex) due to the class allegations and the anticipated scope of discovery.

(b)   **Plaintiff's Position:** Consistent with that designation, Plaintiff expects the case to be resolved within 24 months of filing, with a projected trial date of **February 1, 2027**. Plaintiff proposes that all discovery be completed and dispositive motions filed by **June 16, 2026** as there appears to be no dispute that the Defendant was calling *former* subscribers, which is a common issue among the putative class. Indeed, faced with a nearly identical request, Judge Harjani denied the request in another TCPA case in 2023:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

6

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023). The Court should decide the same here.

(c)

(d) **Defendant's Position**: A trial date should be set if and when Defendant's motion for summary judgment based on the narrow issue of whether the call to Plaintiff was a "telephone solicitation" is decided by early 2026 and the case survives to trial, Defendant expects that the case could be ready for trial by February 1, 2027. Regarding Plaintiff's citation of an out-of-district case decided by a magistrate judge in a minute order, that case is inapposite. In *Katz*, the defendant's argument as to why discovery should be bifurcated was "to focus first on class certification issues and to resolve that issue before proceeding on the merits." *See Katz v. Allied First Bank, SB,* Case No. 22-cv-5277 (N.D. Ill. Dec. 22, 2022) (ECF No. 10, p. 4). The defendant did not note any dispositive issues which could be determined through a phased discovery process. *Id.* Here, in contrast, Defendant is not arguing that class certification issues should be determined before proceeding on the merits. Rather, Defendant points out that the narrow issues of Plaintiff's established business relationship with Defendant and Plaintiff's failure to revoke consent are dispositive of the entire case. Limiting discovery to these key issues would serve judicial economy by allowing the parties to focus on issues that could end this entire case, as Defendant will show in its motion for summary judgment.

(e) **Joinder/Amendment**: Motions to amend pleadings or join additional parties shall be

filed no later than **October 15, 2025**.[1]

**(f)   Discovery Plan**

    (i)   **Protective Order**: The Parties anticipate the need for a protective order and will submit a proposed order to the Court by **June 27, 2025**.

    (ii)   **Initial Disclosures**: The Parties shall make their initial disclosures as required than pursuant to Fed. R. Civ. P. 26(a)(1) by **July 11, 2025.**

    (iii)   **Phased or Limited Discovery**: Plaintiff believes that discovery need not be conducted in phases, or limited to certain issues. As stated above, the material issues are common to all class members and there is substantial overlap between the class issues and merits. Defendant submits that discovery should be phased, with the first phase limited to the narrow issue of whether the call to Plaintiff was a "telephone solicitation by virtue of the parties' EBR and the Plaintiff's failure to revoke consent. Defendants submit that the Court should set a schedule for only the first phase of discovery at this time, with further deadlines to be scheduled only if the Defendant's motion for summary judgment is denied.

    (iv)   **Discovery Limits**: 10 depositions per side; 25 interrogatories per party; No anticipated physical/mental examinations under Rule 35.

    (v)   **Expert Disclosures:**

      **Plaintiff's Position:**

- Proponent by **January 20, 2026**;
- Respondent by **March 17, 2026;**
- Completion of all expert Depositions by **April 7, 2026**

      **Defendants' Position:**

- The parties agree that experts will not be needed for the first phase of discovery (limited to the narrow issue of whether the call to Plaintiff was a "telephone solicitation" by virtue of the parties' EBR and the named Plaintiff's alleged revocation of consent). Expert disclosure

---

[1] Plaintiff reserves the right to amend, supplement, or modify the proposed class representatives or class definition as warranted by discovery or by any rulings issued by the Court.

    deadlines should be set at a later date, if and when Defendant's anticipated motion for summary judgment is denied.

(vi) **Close of All Discovery**:

**Plaintiff's Position:** All discovery to be completed by **June 16, 2026.**

**Defendant's Position:** Discovery relating to the narrow issue of whether the call to Plaintiff was a "telephone solicitation" by virtue of the parties' EBR and the named Plaintiff's alleged revocation of consent to be completed by September 1, 2025.

(vii) **Motions to Compel Deadline:**

**Plaintiff's Position:** Any Motions to Compel discovery shall be filed by **May 15, 2026.**

**Defendant's Position:** Any Motions to Compel relating to the first phase of discovery shall be filed by August 15, 2026 given that the parties agree that experts relating to the narrow issue of whether the call to Plaintiff was a "telephone solicitation" by virtue of the parties' EBR and the named Plaintiff's revocation will not be required.

(g) **Alternative Dispute Resolution**: The Parties do not agree that mediation would be productive at this time.

(h) **Class Certification Motion:**

**Plaintiff's Position:** Plaintiff anticipates filing a motion for class certification. The Parties propose the following schedule for Plaintiff's motion for class certification which

contemplates class expert disclosures to run concurrently with briefing.

- Motions for class certification and Plaintiff's disclosure of class certification expert reports/summaries by **January 20, 2026**.

- Opposition to class certification and Defendant's disclosure of class certification expert reports/summaries **March 17, 2026**.

- Reply brief in support of motion for class certification **May 12, 2026**.

- Deadlines for filing *Daubert* motions for class certification experts: Motions by **May 12, 2026**; Oppositions by **May 26, 2026**.

**Defendant's Position:** Deadlines for class certification motions should be set if and when Defendant's motion for summary judgment is denied.

(i)   **Dispositive/Summary Judgment Motions**: **Plaintiff's Position:** Plaintiff proposes a filing deadline of **June 16, 2026**, consistent with the Track 3 schedule. **Defendant's Position:** Summary judgment motions relating to the narrow issue of whether the call to Plaintiff was a "telephone solicitation" by virtue of the parties' EBR and the named Plaintiff's alleged revocation of consent will be filed on or before September 19.

(j)   **Expected Trial Readiness and Length**: **Plaintiff's Position:** In accordance with the Track 3 schedule, the earliest reasonable trial date is **February 1, 2027**. The parties anticipate a 2–3 day jury trial. If the case is certified as a class action, trial is expected to last approximately 5–6 days. If the jury finds facts establishing liability, the parties anticipate a 1-day bench trial on knowledge and willfulness. **Defendant's Position**: The length of trial will depend on whether a class is certified and the nature of the class. Defendant believes that the question of consent will be individualized and that it could take a great deal of time to present evidence as to each class member's consent. Trial date and trial length should be addressed if and when Defendant's motion for summary judgment regarding the narrow issue of whether the call to Plaintiff was a "telephone solicitation" by virtue of the parties' EBR and the named Plaintiff's alleged revocation of consent

10

is denied. However, if this occurs, Defendant expects the case could be ready for trial by February 1, 2027.

(k)   **Other Matters**: **Plaintiff's Position:** Plaintiff has filed this case as a class action. To avoid any concerns of "one-way intervention" or waiver of related objections, Plaintiff requests that the Court rule on the Motion for Class Certification before addressing the merits—whether by summary judgment or trial. See *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 558–59 (8th Cir. 1982) ("The prejudice inherent in delaying the certification determination until after trial has been thoroughly explored... [Courts] seek to prevent 'one-way intervention'—i.e., to protect defendants from putative class members who can 'opt out' of an unfavorable result but elect to be bound by a favorable one."), quoting *Stastny v. S. Bell Tel. & Tel. Co.*, 628 F.2d 267, 275 (4th Cir. 1980). **Defendant's Position**:  Because Defendant believes that the evidence regarding the parties' EBR and the named Plaintiff's alleged revocation of consent is clear and because resolving that issue early will avoid unnecessary expense and waste of the Court's time, Defendant submits that its motion for summary judgment regarding the narrow issue of whether the call to Plaintiff was a "telephone solicitation" by virtue of the parties' EBR and the named Plaintiff's alleged revocation of consent should be considered prior to class certification.

*[SIGNATURE PAGE FOLLOWS]*

RESPECTFULLY SUBMITTED AND DATED this June 20, 2025.

| | |
|---|---|
| */s/ Anthony Paronich* <br> Anthony Paronich <br> anthony@paronichlaw.com <br> PARONICH LAW, P.C. <br> 350 Lincoln Street, Suite 2400 <br> Hingham, MA 02043 <br> Telephone: (508) 221-1510 <br><br> *Attorneys for Plaintiff and proposed class* | */s/ Darci F. Madden* <br> Darci F. Madden, 51463MO <br> BRYAN CAVE LEIGHTON PAISNER LLP <br> One Metropolitan Square <br> 211 North Broadway, Suite 3600 <br> St. Louis, MO 63102 <br> Phone: (314) 259-2000 <br> Fax: (314) 259-2020 <br><br> *Attorney for Defendant Lee Enterprises, Incorporated* |